■ WALTER RUBIN, INC., et al., Appellants, v FIRST COINVESTERS, INC., Respondent, et al., Additional Defendants. — In an action, *inter alia,* to recover damages for breach of contract plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Levitt, J.), dated September 15, 1982, as granted defendant's cross motion for a preliminary injunction. Order affirmed insofar as appealed from, with $50 costs and disbursements. It is settled that injunction is a proper remedy to prevent a former employee from using the customer list of its former employer, when it appears that the customers cannot be readily ascertained outside of the employer's business (see *Leo Silfen, Inc. v Cream,* 29 NY2d 387, 392-393; *Town & Country House & Home Serv. v Newbery,* 3 NY2d 554, 558-559). Defendant has carried its burden of proof on its cross motion for a preliminary injunction by asserting that its customer list was the product of many years of work and that in violation of their agreement, it was used by plaintiffs to solicit customers for themselves, an unfair practice which could harm defendant's business. Plaintiffs made no attempt to deny or refute these allegations, other than to suggest that *some* of the names could be obtained through sources

other than the list. On these facts, Special Term did not abuse its discretion in granting the preliminary injunction on the basis that defendant had shown the possibility of irreparable injury and the likelihood of success on the merits (see *Grant Co. v Srogi,* 52 NY2d 496, 517). Damiani, J. P., O'Connor, Thompson and Bracken, JJ., concur.