■ GIFFORDS OIL CO., INC., et al., Respondents, v MICHAEL WILD et al., Appellants. — In an action for a permanent injunction and damages based on the alleged breach of a nonsolicitation covenant contained within an employment agreement, defendants appeal from an order of the Supreme Court, Nassau County (Roncallo, J.), dated April 6, 1984, which granted plaintiffs' motion for a preliminary injunction enjoining defendants "from soliciting, servicing, diverting, enticing, taking away or interfering with any of plaintiffs' business and/or customers within the Counties of Queens, Nassau and Suffolk of the State of New York; and from attempting to commit any of the aforesaid acts, during the pendency of this action".

Order affirmed, with costs.

Defendant Wild was employed by plaintiffs from 1973 to January of 1984 in commercial sales. While there, Wild entered into an employment agreement which contained a covenant restricting him from directly or indirectly soliciting plaintiffs' customers for a period of three years after termination of his employment. He also agreed that plaintiffs' customer list was a valuable and unique asset of plaintiffs' business, that irreparable injury would result from a violation of the covenant and that a violation of the agreement would be a proper subject of injunctive relief.

In or about July of 1981, Wild was promoted to the position of commercial sales manager. He served in that capacity until September of 1982, when he returned to being an "Industrial Salesman". During Wild's tenure as commercial sales manager for plaintiffs, plaintiffs and the codefendant Commander Oil Corporation (hereinafter Commander) were involved in a litigation similar to the case at bar. In the earlier case, a former

salesperson of plaintiffs was hired by Commander. That salesperson had signed an employment agreement identical to Wild's. After the salesperson started soliciting plaintiffs' customers, plaintiffs moved for and received a temporary injunction against that salesperson and Commander similar to the one obtained in the instant action.

Plaintiffs later moved to punish the salesperson for contempt, alleging that she was continuing to solicit customers in violation of the injunction. Ironically, it was Wild, as commercial sales manager of plaintiffs, who submitted an affidavit in support of the contempt motion. In his affidavit, Wild stated that the salesperson had access to a confidential customer list. He further stated that, in violation of the injunction, the salesperson had solicited a customer of plaintiffs and forced plaintiffs to lower their prices in order to retain the customer. Wild also alleged that the salesperson was indirectly soliciting plaintiffs' customers by relaying confidential information to other employees of Commander.

In 1984, Wild was hired by Commander. Thereafter plaintiffs commenced the instant action, alleging that certain customers had been solicited by defendants in violation of the employment agreement. A preliminary injunction was granted restraining defendants from soliciting plaintiffs' customers during the pendency of the action. Defendants appeal from this order.

Plaintiffs' customers cannot be readily ascertained outside their business. Plaintiffs allege and it is not denied by defendants, that their customer list was obtained through the expenditure of substantial time and money. The list also contains information such as fuel oil capacity of customers' tanks, and the amount certain customers are willing to pay, which aids plaintiffs in establishing prices and which could only be achieved through personal solicitation. Under these facts, it is proper to treat plaintiffs' customer list as a trade secret and to prevent, by means of injunction, a former employee from using that list (see *Leo Silfen, Inc. v Cream,* 29 NY2d 387; *Town & Country House & Home Serv. v Newbery,* 3 NY2d 554; *Greenwich Mills Co. v Barrie House Coffee Co.,* 91 AD2d 398; *Walter Rubin, Inc. v First Coinvestors,* 91 AD2d 630; *Hecht Foods v Sherman,* 43 AD2d 850). Due to the nature of plaintiffs' customer list, the employment agreement between plaintiffs and Wild, the statements made by Wild in his prior affidavit, the high position achieved by Wild while employed by plaintiffs and the actions taken by defendants, we agree with Special Term that there is a likelihood of plaintiffs' ultimate success on the merits of this action, that there is a danger of irreparable injury to plaintiffs, and that

a balancing of the equities is in plaintiffs' favor (CPLR 6301; *Walter Rubin, Inc. v First Coinvestors, supra; Albini v Solork Assoc.,* 37 AD2d 835). Thus, Special Term did not abuse its discretion in granting plaintiffs a preliminary injunction. Titone, J. P., Bracken, Boyers and Lawrence, JJ., concur.