■ JERRY KINDMAN & Co., P. C., Respondent, v IRA STOLLAR, Appellant.—Order of Supreme Court, New York County (Herman Cahn, J.), entered on March 2, 1989, which granted plaintiff's motion for a preliminary injunction enjoining defendant from, *inter alia,* soliciting or accepting work from any of plaintiff firm's clients on whose matters defendant had worked, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of eliminating from

the injunction those clients who were defendant's clients before he joined plaintiff firm, and otherwise affirmed, without costs.

Plaintiff, Jerry Kindman & Co., P. C. (Kindman), a professional corporation whose business is primarily to prepare tax returns and to provide general accounting services, employed defendant, Ira Stollar (Stollar), as a staff accountant from 1983 through 1988. When Stollar, who is not a certified public accountant, commenced employment, the parties entered into an agreement, which provided, in pertinent part: "In consideration for this offer of employment and in recognition of the fact that you will be working directly with our clients and that you will acquire unique and confidential knowledge of our affairs and our clients *[sic]* affairs, you agree that during the pendency of your employment with the firm and for a period of two (2) years after your employment terminates for any reason, you will make no attempt to solicit or to service, and you will refuse to provide any tax, accounting or legal services, directly or indirectly, either as a sole practitioner, partner, shareholder, employee, consultant, or in any other manner to any of the clients which the firm serviced during your employment, or which the firm had serviced during the year prior to the commencement of your employment."

Stollar remained with Kindman, in the capacity of staff accountant, until March 21, 1988. Stollar provided services which required knowledge of basic accounting and tax principles, but which were not unique in nature. He, along with 11 other staff accountants, three partners and one principal, serviced over 4,000 clients; Stollar himself serviced no more than 200 of these. Stollar contends that he was told in December 1987 that he would not be made a partner, that his raises would, in the future, be considerably smaller and that he should seek to develop his own business. Stollar subsequently resigned and opened his own accounting firm, in March 1988.

Immediately following Stollar's departure, Kindman, seeking to enforce the restrictive covenant, commenced an action by an order to show cause, and was granted a temporary restraining order against Stollar on March 28, 1988. This order, *inter alia,* prohibited Stollar from soliciting, accepting or otherwise servicing Kindman's clients. On April 1, 1988, this order was modified insofar as it no longer prohibited the servicing of Kindman's clients, but prohibited Stollar from soliciting any clients of Kindman on whose matters he worked for one year prior to April 1, 1988.

On March 2, 1989, the IAS Part issued an order granting plaintiff's motion for a preliminary injunction, which restrained Stollar as follows: "that pending the disposition of this matter, defendant and all persons acting in concert with him, are temporarily restrained (a) from using lists of plaintiff's clients, plaintiff's fee schedules and materials and information copied from such fee schedules, plaintiff's files and materials in plaintiff's possession; and (b) from soliciting or attempting to entice away any persons or entities who were clients of plaintiff and on whose matters defendant worked, during the one year period prior to April 1, 1988."

The order also required Kindman to post a $10,000 undertaking to provide for damages and costs to Stollar, should it be determined that the firm was not entitled to an injunction. It is from this order that Stollar appeals.

For a preliminary injunction to be properly granted, the movant must demonstrate the likelihood of success on the merits, irreparable injury in the absence of injunctive relief and a balance of the equities in its favor. (CPLR 6301; *DeLury v City of New York,* 48 AD2d 405, 406 [1st Dept 1975]; *Park Terrace Caterers v McDonough,* 9 AD2d 113, 114 [1st Dept 1959].) However, restrictive covenants "which tend to prevent an employee from pursuing a similar vocation after termination of employment are disfavored by the law". *(Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.,* 42 NY2d 496, 499 [1977].) Thus, the " 'restrictive covenant will only be subject to specific performance to the extent that it is reasonable in time and area, necessary to protect the employer's legitimate interests, not harmful to the general public and not unreasonably burdensome to the employee' ". *(Modern Telecommunications v Zimmerman,* 140 AD2d 217, 220 [1st Dept 1988], quoting *Reed, Roberts Assocs. v Strauman,* 40 NY2d 303, 307-308 [1976], court reversed and denied plaintiff's motion where, while field highly specialized, there was "no evidence that the techniques employed are secret" *[supra,* at 221] nor did the record show that defendants divulged any trade secrets or confidential lists.)

We find that while Stollar may have been a highly valued and well-paid member of Kindman's group, as a staff accountant, his services could hardly be considered to be unique, nor could he be considered irreplaceable. *(Modern Telecommunications v Zimmerman, supra; Newco Waste Sys. v Swartzenberg,* 125 AD2d 1004, 1005 [4th Dept 1986].) Moreover, we can see no reason at this time to uphold the injunction as to any clients Stollar had prior to joining Kindman. *(Young & Co. v*

*Black,* 97 AD2d 369 [1st Dept 1983].) However, as to those clients who were referred and serviced during Stollar's tenure at Kindman, we continue the status quo, pending the outcome of the litigation, as this court has previously done in the *Young* case.

Accordingly, the order of the IAS court is modified to the extent of limiting the injunction to those clients who Stollar did not service prior to his association with Kindman, and otherwise affirmed. Concur—Carro, Milonas, Kassal, Rosenberger and Rubin, JJ.