■ STACY MELVIN, Appellant, v UNION COLLEGE, Respondent. [600 NYS2d 141] —In an action, *inter alia,* to enjoin the defendant from (1) committing an alleged breach of contract and (2) wrongfully suspending the plaintiff as a student, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Levitt, J.), entered January 13, 1993, (1) denied her motion for an order restraining and enjoining the defendant from placing her on academic suspension, (2) granted the defendant's cross motion to transfer venue to Schenectady County, and (3) converted the action into a proceeding pursuant to CPLR article 78.

Ordered that the order is modified, as a matter of discretion, by deleting the provision thereof which denied the appellant's motion for a preliminary injunction, and substituting therefore a provision granting the appellant's motion for a preliminary injunction pending the outcome of the proceeding pursuant to CPLR article 78 *(see,* CPLR 7805); as so modified, the order is affirmed insofar as appealed from, with costs to the appellant, and the matter is remitted to the Supreme Court, Nassau County, to fix the amount of the bond to be provided by the appellant as security for costs.

The appellant, a student at the respondent college, was accused of academic dishonesty in regard to an organic chemistry examination. A disciplinary hearing was held by the respondent's Subcouncil of the Standing of Students which resulted in a determination which gave the appellant a failing grade in organic chemistry and suspended her for two semesters of undergraduate classes. The appellant commenced an action, alleging, *inter alia,* breach of contract due to the respondent's failure to conform to the disciplinary guidelines set forth in the student handbook. The appellant also sought a preliminary injunction enjoining the respondent from enforcing the suspension pending the outcome of the matter. The respondent cross-moved for conversion of the action into a proceeding pursuant to CPLR article 78 and for a change of the venue of the action to Schenectady County. In its decision, the Supreme Court, Nassau County (Levitt, J.), *inter alia,* granted the respondent's cross motion to convert the action to a proceeding pursuant to CPLR article 78, transferred the venue of the matter to Schenectady County, and denied the appellant's motion for a preliminary injunction.

"CPLR article 78 relief is available to review the actions of

[the respondent] university and to make inquiry to determine whether it abided by its own rules * * * and 'whether [it] has acted in good faith or its action was arbitrary or irrational' " *(Grogan v Saint Bonaventure Univ.,* 91 AD2d 855, citing *Tedeschi v Wagner Coll.,* 49 NY2d 652, 658). Actions seeking annulment of an educational institution's disciplinary committee's determination are brought pursuant to CPLR article 78 *(see, Silverman v New York Univ. School of Law,* 193 AD2d 410; *Weidemann v State Univ.,* 188 AD2d 974; *Matter of Kalinsky v State Univ.,* 188 AD2d 810; *Matter of Harris v Trustees of Columbia Univ.,* 62 NY2d 956). Accordingly, we find that the Supreme Court properly converted the appellant's action to a proceeding pursuant to CPLR article 78. Moreover, the venue of the matter was properly transferred to Schenectady County *(see,* CPLR 7804 [b]; 506 [b]).

We agree with the appellant that the Supreme Court improperly denied her motion for a preliminary injunction. On a motion for a preliminary injunction, the movant must prove three things: (1) the likelihood of his ultimate success on the merits, (2) irreparable injury to the movant absent granting of a preliminary injunction, and (3) a balancing of the equities *(see, Jurlique, Inc. v Austral Biolab Pty.,* 187 AD2d 637; *Merrill Lynch Realty Assocs. v Burr,* 140 AD2d 589, 592; *Burmax Co. v B & S Indus.,* 135 AD2d 599, 600; *Albini v Solork Assocs.,* 37 AD2d 835). The respondent contends that the appellant has not established any of the aforementioned elements. We disagree.

To establish a likelihood of success on the merits, the movant must show its right to a preliminary injunction is plain on the facts of the case *(see, Merrill Lynch Realty Assocs. v Burr, supra,* at 592-593). However, the existence of a factual dispute will not bar the imposition of a preliminary injunction if it is necessary to preserve the status quo and the party to be enjoined will suffer no great hardship as a result of its issuance *(see, Mr. Natural, Inc. v Unadulterated Food Prods.,* 152 AD2d 729, 730; *US Ice Cream Corp. v Carvel Corp.,* 136 AD2d 626, 628; *Burmax Co. v B & S Indus., supra,* at 600). Clearly, there is a factual dispute as to whether the respondent conformed to the disciplinary guidelines as set forth in the student handbook. Further, the appellant has adduced adequate evidence of irreparable injury and a balancing of the equities in her favor. The appellant has shown that without an injunction to preserve the status quo a suspension for two semesters will cause her irreparable injury for which monetary compensation is not adequate. Further, the respondent

has not shown that it will suffer any harm as a result of the appellant continuing her studies during the pendency of this matter. Accordingly, under the circumstances herein, a preliminary injunction should have been granted *(see,* CPLR 7805).

We have considered the appellant's remaining contentions and find them to be without merit. Bracken, J. P., Balletta, Lawrence and Copertino, JJ., concur.