■ DELOITTE & TOUCHE LLP, Respondent-Appellant, v CHARLES W. CHIAMPOU et al., Appellants-Respondents. (Appeal No. 1.) *[636 NYS2d 679]* —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court did not abuse its

discretion in granting plaintiff's motion for a preliminary injunction to enforce the covenant not to compete in defendants' partnership agreements *(see, Gelder Med. Group v Webber,* 41 NY2d 680; *Karpinski v Ingrasci,* 28 NY2d 45; *Kindman & Co. v Stollar,* 151 AD2d 393; *Young & Co. v Black,* 97 AD2d 369, *appeal dismissed* 61 NY2d 712). The court properly found that plaintiff had made a sufficient showing to warrant such relief. The court also properly exempted from the preliminary injunction six of plaintiff's former clients who had voluntarily and without solicitation sought out defendants after defendants left plaintiff's employ *(see, Kindman & Co. v Stollar, supra; Young & Co. v Black, supra).* While this appeal was pending, we granted defendants' motion to increase the number of plaintiff's former clients exempted from the preliminary injunction to 34 for the same reason *(see,* CPLR 5518). In order "to maintain a *status quo* that will encourage the parties to quickly resolve their differences at a trial on the merits" *(Young & Co. v Black, supra,* at 370), we modify the order on appeal by deleting the second ordering paragraph therefrom and substituting in its place the following language: "ORDERED, that, pending final determination on the merits, the preliminary injunction shall not apply to the 34 clients of plaintiff previously excluded from the preliminary injunction by order of this Court entered January 19, 1995" *(see, Karpinski v Ingrasci, supra,* at 51-52). (Appeals from Order of Supreme Court, Erie County, Glownia, J.—Preliminary Injunction.) Present— Green, J. P., Pine, Wesley, Balio and Boehm, JJ.