■ EASTERN BUSINESS SYSTEMS, INC., Respondent, v SPECIALTY BUSINESS SOLUTIONS, LLC, et al., Appellants, et al., Defendants. [739 NYS2d 177] —In an action, inter alia, to enjoin the defendants from doing business with the customers of the plaintiff, the defendants Specialty Business Solutions, LLC, Arthur Coleman, June Heuther, Margaret Kennedy, Danielle M. Sutera and Charles Rigoglioso appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), entered February 13, 2001, as granted that branch of the plaintiff's motion which was to preliminarily enjoin them from soliciting, doing business with, or servicing any prior or current accounts or customers of the plaintiff who had accounts with or were customers of the plaintiff during the period when any of the individual defendants were employed by the plaintiff.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting that branch of the plaintiff's motion which was to preliminarily enjoin the appellants from soliciting, doing business with, or servicing any prior or current accounts or customers of the plaintiff who had accounts with or were customers of the plaintiff during the period when any of the individual defendants were employed by the plaintiff and (2) substituting therefor a provision preliminarily enjoining the appellants from soliciting, doing business with, or servicing all former and current customers of the plaintiff who had accounts with or were customers of the plaintiff during the period when any of the individual defendants were employed by the plaintiff except (a) blood relatives of the appellants, (b) former customers of the plaintiff who were brought to it solely through the individual appellants' own efforts, and (c) any persons or entities who, without solicitation, approach the appellants and request that they provide services; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiff.

The plaintiff Eastern Business Systems, Inc. (hereinafter Eastern) services business equipment. The plaintiff employed the appellants Arthur Coleman, June Heuther, Margaret Kennedy, Danielle M. Sutera and Charles Rigoglioso in various capacities. These individuals did not sign any restrictive covenants during their employment at Eastern. In or about September 2000 the individual defendants went to work for the defendant Specialty Business Solutions, LLC (hereinafter Specialty Eastern) of which June Heuther was a 29.5% owner.

In November 2000 documents belonging to Eastern were discovered in a dumpster behind the offices of Specialty. The documents ranged from customer lists to actual portions of the files of Eastern's clients. Some of these documents contained handwritten notes of the individual appellants.

The information in both the customer lists and the client files included, inter alia, client and potential client names, addresses, contact names, the machines possessed by the clients, or contacts and their lease terms. This information was compiled through considerable effort by Eastern and its employees over several years and was not available to the public. The information also created a competitive advantage for Eastern in servicing its current clients and creating new business.

Eastern commenced this action, inter alia, seeking to enjoin the defendants from soliciting, doing business with, or servicing any prior or current accounts or customers of the plaintiff

or using any of the customer lists and client files obtained from Eastern. The Supreme Court granted the plaintiff's motion for a preliminary injunction prohibiting the defendants from soliciting, doing business with, or servicing any prior or current accounts or customers of the plaintiff who were accounts or customers of the plaintiff during the period when any of the individual appellants were employed by Eastern or from using any information obtained from Eastern. We modify.

Solicitation of an employer's customers by a former employee through the use of a customer list is not actionable unless the customer list is considered a trade secret or there was wrongful conduct by the employee such as physically taking or copying the employer's files or using confidential information (see, *Amana Express, Intl. v Pier-Air Intl.*, 211 AD2d 606). Eastern established the existence of trade secrets warranting protection. Although there is generally no accepted definition of a trade secret, one which has been cited with approval by the Court of Appeals is "any formula, pattern, device or compilation of information which is used in one's business, and which gives one an opportunity to obtain an advantage over competitors who do not know or use it" (*Ashland Mgt. v Janien*, 82 NY2d 395, 407 [internal quotation marks omitted]). Eastern presented evidence showing that the information in question was not available to the public, was available to limited personnel inside Eastern, was highly valuable to Eastern and its competitors, and that considerable effort and money was expended in obtaining the information. Thus, the plaintiff showed that trade secrets existed and established a likelihood of success on the merits.

The plaintiff also established irreparable harm absent the granting of the preliminary injunction and that the balance of the equities is in its favor (see, *Aetna Ins. Co. v Capasso*, 75 NY2d 860; *Doe v Axelrod*, 73 NY2d 748; *Grant Co. v Srogi*, 52 NY2d 496). Therefore, the Supreme Court properly granted the plaintiff a preliminary injunction.

However, to balance the equities, the scope of the preliminary injunction should not apply to (a) blood relatives of the defendants, (b) former customers of the plaintiff brought to it solely through the individual appellants' own efforts, and (c) any persons or entities who, without solicitation, approach the appellants and request that they provide service (*cf., McLaughlin, Piven, Vogel v Nolan & Co.*, 114 AD2d 165).

The appellants' remaining contentions are without merit. Prudenti, P.J., O'Brien, Friedmann and McGinity, JJ., concur.