■ ALSIDE DIVISION OF ASSOCIATED MATERIALS INC., Respondent, v JAMIE LECLAIR et al., Appellants. [743 NYS2d 898] —Carpinello, J. Appeal from an order of the Supreme Court (Keegan, J.), entered January 24, 2002 in Albany County, which granted plaintiff's motion for a preliminary injunction.

Plaintiff, a wholesale distributor of building supplies, commenced this action seeking, inter alia, to enforce a noncompetition/nondisclosure agreement executed by its former sales representative, defendant Jamie Leclair, who now works for a competitor, defendant C & S Distributors Inc. Upon commencement of the action, plaintiff sought a preliminary

injunction and defendants now appeal from the order granting that application.

Based upon our review of the record, and mindful that anti-competitive employment agreements are enforceable only in limited circumstances (*see, e.g.*, *American Broadcasting Cos. v Wolf*, 52 NY2d 394, 403), we nonetheless find that Supreme Court did not abuse its discretion in granting injunctive relief to plaintiff. Significantly, an affidavit submitted by Leclair in a prior action against another former employee at a time when Leclair was still employed by plaintiff described the confidential and proprietary nature of certain information possessed by plaintiff's sales representatives and explained how this information could be used by a competitor to unfairly undermine plaintiff's relationships with its customers. We agree with Supreme Court that this affidavit is a substantial factor in demonstrating plaintiff's likelihood of success on the merits. In addition, we conclude that the two-year limitation on the non-compete provision of the agreement is temporally reasonable (*see, Stiepleman Coverage Corp. v Raifman*, 258 AD2d 515, 516) and the limitation to those territories in which Leclair worked for plaintiff is geographically reasonable (*see, Karpinski v Ingrasci*, 28 NY2d 45, 49-50).

With regard to irreparable harm, the affidavits submitted by plaintiff demonstrate that it has endeavored to cultivate relationships with its customers to develop important repeat business and if defendants are permitted to compete unfairly by using plaintiff's confidential and proprietary pricing information to underbid it, plaintiff will not only lose business, but will also suffer a dilution of the good will it has developed with its customers. Such a loss of customer good will can constitute irreparable harm for preliminary injunction purposes (*see, Adirondack Appliance Repair v Adirondack Appliance Parts*, 148 AD2d 796). However, inasmuch as plaintiff's claim of injury is limited to the impact on its existing customer relationships, and because the noncompetition provisions of the agreement will be enforced only to the extent necessary to protect plaintiff from unfair competition (*see, Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.*, 42 NY2d 496, 499), we conclude that the scope of the preliminary injunction should be limited to plaintiff's existing customers. As so limited, we see no merit in defendants' claim that the balance of the equities does not favor the granting of the preliminary injunction, which will maintain the status quo without unduly restricting defendants' business. Finally, the amount of the undertaking (*see, CPLR 6312* [b]) was a matter within Supreme Court's sound discre-

tion (see, *Blueberries Gourmet v Aris Realty Corp.*, 255 AD2d 348, 350) and the record provides no basis to disturb the court's exercise of that discretion in this case.

Cardona, P.J., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, to provide that insofar as defendant Jamie Leclair is enjoined from violating the first paragraph of the agreement executed May 5, 1996, he shall be so enjoined only with regard to those persons and entities who were customers of plaintiff during the course of his employment with plaintiff, and, as so modified, affirmed.