■ Invesco Institutional (N.A.), Inc., Respondent, v Deutsche Investment Management Americas, Inc., Appellant, et al., Defendants. [904 NYS2d 46]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered November 2, 2009, which, after a hearing, granted plaintiff's motion for a preliminary injunction as to that portion of the action asserting a claim for misappropriation of trade secrets in connection with certain software tools, unanimously affirmed, with costs.

Plaintiff met its burden for the grant of a preliminary injunction by demonstrating (1) a likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the provisional relief is withheld; and (3) a balance of the equities in its favor (*Doe v Axelrod*, 73 NY2d 748, 750 [1988]). Based upon the submissions and hearing testimony, particularly from plaintiff's expert witnesses, the court properly found that plaintiff had a protectable trade secret in the proprietary nature of its Q-Tech, Alpha Sources and PIT software and database structure (*see Ashland Mgt. v Janien*, 82 NY2d 395, 407 [1993]).

Although irreparable injury cannot be presumed (*see Faiveley Transp. Malmo AB v Wabtec Corp.*, 559 F3d 110, 118 [2d Cir 2009]), it may be established "where there is a danger that, unless enjoined, a misappropriator of trade secrets will disseminate those secrets to a wider audience or otherwise irreparably impair the value of those secrets" (*id.*). Here, the court properly determined that plaintiff demonstrated that, without a preliminary injunction barring appellant from the continued use of its trade secrets, plaintiff "would likely sustain a loss of business impossible, or very difficult, to quantify" (*Willis of N.Y. v DeFelice*, 299 AD2d 240, 242 [2002]).

We have considered appellant's remaining arguments, including that the balance of the equities tipped in its favor, and find them unavailing. Concur—Andrias, J.P., Saxe, Friedman, Nardelli and Acosta, JJ.