█ EASTMAN KODAK COMPANY, Appellant, v ROBERT CARMOSINO, Respondent. [909 NYS2d 247]—

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), entered May 3, 2010. The order denied the motion of plaintiff for injunctive relief.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to enforce the restrictive covenants contained in an employment agreement that defendant signed while he was employed by plaintiff. Approximately four months after plaintiff notified defendant that his position had been eliminated as a result of a corporate reorganization, defendant began working for Hewlett Packard (HP), a competitor of plaintiff. Plaintiff appeals from an order denying its motion seeking a preliminary injunction enjoining defendant from commencing employment with HP.

We conclude that Supreme Court did not abuse its discretion in refusing to issue the preliminary injunction. " 'Preliminary injunctive relief is a drastic remedy [that] is not routinely granted' " (*Sutherland Global Servs., Inc. v Stuewe*, 73 AD3d 1473, 1474 [2010]). In order to prevail on a motion for a preliminary injunction, the moving party has the burden of demonstrating, by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury in the absence of injunctive relief, and (3) a balance of equities in its favor (*see Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839 [2005]; *Emerald Enters. of Rochester v Chili Plaza Assoc.*, 237 AD2d 912 [1997]).

In this case, plaintiff failed to demonstrate by clear and convincing evidence that the employment agreement was enforceable and thus that there was a likelihood of success on the merits. It is well established that agreements by an employee not to compete with his or her employer upon the termination of employment are judicially disfavored because " 'powerful considerations of public policy . . . militate against sanctioning the loss of a [person's] livelihood' " (*Reed, Roberts Assoc. v Strauman*, 40 NY2d 303, 307 [1976], *rearg denied* 40 NY2d 918 [1976]; *see Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.*, 42 NY2d 496, 499 [1977]). Thus, "[a] restrictive covenant against a former employee 'will be enforced only if reasonably limited temporally and geographically . . . , and then only to the extent necessary to protect the employer from unfair competition [that] stems from the employee's use or disclosure of trade secrets or confidential customer lists' " (*IVI Envtl. v McGovern*, 269 AD2d 497, 498 [2000], quoting *Columbia Ribbon & Carbon Mfg. Co.*, 42 NY2d at 499; *see Riedman Corp. v Gallager*, 48 AD3d 1188, 1189 [2008]).

Here, plaintiff failed to establish that the information to which defendant was exposed during his tenure as plaintiff's "Vice President, Sales, Global and Strategic Accounts" qualifies

as a trade secret or that specific enforcement of the employment agreement is necessary to protect plaintiff's legitimate interests (*see Natural Organics, Inc. v Kirkendall*, 52 AD3d 488, 489-490 [2008], *lv denied* 11 NY3d 707 [2008]). Although plaintiff alleged that defendant downloaded confidential company documents after his termination, plaintiff failed to set forth evidence establishing that defendant misappropriated confidential information. Plaintiff also failed to establish that its customer lists, pricing information, and "product roadmaps" constitute trade secrets (*see Buhler v Maloney Consulting*, 299 AD2d 190, 191 [2002]; *Briskin v All Seasons Servs.*, 206 AD2d 906 [1994]; *Walter Karl, Inc. v Wood*, 137 AD2d 22, 27 [1988]). Moreover, "mere knowledge of the intricacies of a business" does not qualify as a trade secret (*Marietta Corp. v Fairhurst*, 301 AD2d 734, 739 [2003]).

We further conclude that plaintiff failed to establish that irreparable injury would result absent injunctive relief (*see Genesis II Hair Replacement Studio v Vallar*, 251 AD2d 1082 [1998]). "[B]ecause the non[ ]competition agreement is for a finite period, i.e., 18 months, any loss of sales occasioned by the allegedly improper conduct of defendant can be calculated. Thus, plaintiff has an adequate remedy in the form of monetary damages, and injunctive relief is both unnecessary and unwarranted" (*D&W Diesel v McIntosh*, 307 AD2d 750, 751 [2003]). In addition, we conclude that a balance of the equities in this case do not favor granting the preliminary injunction. Defendant was terminated without cause and, even after he was notified of his involuntary termination, he endeavored to remain an employee of plaintiff by applying for one of the new positions created in the reorganization. As the Court of Appeals reasoned in *Post v Merrill Lynch, Pierce, Fenner & Smith* (48 NY2d 84 [1979], *rearg denied* 48 NY2d 975 [1979]), a case involving a forfeiture-for-competition clause in a private pension plan, "[a]n employer should not be permitted to use offensively [a noncompetition] clause . . . to economically cripple a former employee and simultaneously deny other potential employers his [or her] services" (*id.* at 89). Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.