# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

761.2
CA 11-00440
PRESENT: SCUDDER, P.J., PERADOTTO, LINDLEY, GREEN, AND GORSKI, JJ.

---

MARCONE APW, LLC,
PLAINTIFF-RESPONDENT-APPELLANT,

V                                                MEMORANDUM AND ORDER

SERVALL COMPANY, KARL P. ROSENHAHN AND
MARK J. CREIGHTON,
DEFENDANTS-APPELLANTS-RESPONDENTS.

---

ZDARSKY, SAWICKI & AGOSTINELLI LLP, BUFFALO, JAECKLE FLEISCHMANN &
MUGEL, LLP (B. KEVIN BURKE, JR., OF COUNSEL), FOR
DEFENDANTS-APPELLANTS-RESPONDENTS.

PHILLIPS LYTLE LLP, BUFFALO (JAMES D. DONATHEN OF COUNSEL), FOR
PLAINTIFF-RESPONDENT-APPELLANT.

---------------------------------------------------------------------------

Appeal and cross appeal from an order of the Supreme Court, Erie
County (John A. Michalek, J.), entered February 8, 2011.  The order
granted in part plaintiff's motion for an expanded preliminary
injunction.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action against, inter alia,
defendant Servall Company (Servall), its competitor in the wholesale
appliance parts distribution business, seeking damages and a permanent
injunction for, inter alia, defendants' alleged misappropriation of
its confidential and proprietary information.  Plaintiff alleges that
its former employees, the two individual defendants, "copied and/or
transferred [plaintiff]'s confidential and proprietary information"
while they were still employed by plaintiff, and then used that
information to solicit plaintiff's customers on behalf of Servall.
Plaintiff moved for a temporary restraining order and preliminary
injunction prohibiting defendants from, among other things, using its
confidential and proprietary information, soliciting its customers,
and further misappropriating plaintiff's information.  Supreme Court
issued an order (hereafter, initial order) that granted plaintiff's
motion in part, enjoining defendants from using any information
illegally obtained from plaintiff; enjoining them from further
attempts to misappropriate plaintiff's information; directing them to
return plaintiff's information; directing them to preserve the first
set of daily backup tapes from its computer file servers that were
created after this action was commenced; directing the individual

defendants to turn over their personal computers and associated storage devices to plaintiff's agents and to discontinue their use of any of Servall's computers and associated storage devices, with the option of an in camera review by the court in the event of a dispute concerning privileged documents; and directing defendants to preserve all documents related to this action. The court, however, denied that part of plaintiff's motion seeking to enjoin solicitation of customers "without prejudice to renew[] if and when [plaintiff] obtains direct evidence that [its] information has been unfairly used."

Thereafter, defendant Karl P. Rosenhahn and another former employee of plaintiff recanted certain statements contained in their sworn affidavits submitted in opposition to plaintiff's motion, thereby in effect admitting that Rosenhahn and other former employees of plaintiff used customer information obtained from plaintiff in the course of their employment with Servall. In addition, a forensic examination of the individual defendants' computers conducted pursuant to the initial order revealed that the individual defendants were in possession of, or had possessed and subsequently destroyed, numerous files and documents belonging to plaintiff. The files contained, inter alia, customer names and contact information, credit terms, sales data and rankings, pricing information, profit margins, accounts receivable information, sales notes, and warranty records. After that information came to light, plaintiff moved to expand the preliminary injunction in the initial order to enjoin defendants from soliciting or selling to any of plaintiff's "active customers," defined as the more than 3,000 customers to whom plaintiff made sales during the preceding year. By the order on appeal, the court granted plaintiff's motion only in part, enjoining Servall from soliciting 640 customers identified on a list that Servall had returned to plaintiff pursuant to the initial order. The court also enjoined Servall from making sales to customers it obtained between April 1, 2010 and August 31, 2010 "unless it can prove that it obtained th[ose] accounts without the use of plaintiff's [i]nformation." We affirm.

Addressing first defendants' appeal, we note the well-settled proposition that "[a] motion for a preliminary injunction is addressed to the sound discretion of the trial court[,] and the decision of the trial court on such a motion will not be disturbed on appeal, unless there is a showing of an abuse of discretion" (*Destiny USA Holdings, LLC v Citigroup Global Mkts. Realty Corp.*, 69 AD3d 212, 216 [internal quotation marks omitted]; *see Doe v Axelrod*, 73 NY2d 748, 750). The party seeking the preliminary injunction must establish by clear and convincing evidence "(1) a likelihood of success on the merits, (2) irreparable injury in the absence of injunctive relief, and (3) a balance of equities in its favor" (*Eastman Kodak Co. v Carmosino*, 77 AD3d 1434, 1435; *see Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839).

Here, we conclude that the court did not abuse its discretion in granting in part plaintiff's motion for an expanded preliminary injunction (*see generally Deloitte & Touche v Chiampou*, 222 AD2d 1026). As the court properly determined, plaintiff established a likelihood of success on the merits of its misappropriation and unfair

competition causes of action (*see generally Eastern Bus. Sys. v Specialty Bus. Solutions*, 292 AD2d 336, 338; *Laro Maintenance Corp. v Culkin*, 255 AD2d 560).  Although defendants are correct that "customer lists" are not entitled to trade secret protection if such lists are "readily ascertainable from sources outside [plaintiff's] business" (*Columbia Ribbon & Carbon Mfg. Co. v A-1-A Corp.*, 42 NY2d 496, 499; *see Riedman Corp. v Gallager*, 48 AD3d 1188, 1189), here the documents allegedly misappropriated by the individual defendants are not simply compilations of customer names and addresses or phone numbers.  Rather, the documents contain detailed information about each customer, including the names of individual contact persons, customer-specific pricing information, credit terms and limits, and the customers' "class" rankings based upon their margin performance.  Plaintiff established that such "information was compiled through considerable effort by [plaintiff] and its employees over several years and was not available to the public.  The information also created a competitive advantage for [plaintiff] in servicing its current clients and creating new business" (*Eastern Bus. Sys.*, 292 AD2d at 337; *see Stanley Tulchin Assoc. v Vignola*, 186 AD2d 183, 185; *Giffords Oil Co. v Wild*, 106 AD2d 610, 611).

In any event, even assuming, arguendo, that the misappropriated information is not entitled to trade secret protection, we conclude that the court properly determined that injunctive relief is warranted on the alternative ground of breach of trust by the individual defendants in misappropriating plaintiff's proprietary information.  As the Court of Appeals stated in *Leo Silfen, Inc. v Cream* (29 NY2d 387, 391-392), "[i]f there has been a physical taking or studied copying, the court may in a proper case enjoin solicitation, not necessarily as a violation of a trade secret, but as an egregious breach of trust and confidence while in plaintiffs' service" (*see generally Eastern Bus. Sys.*, 292 AD2d at 338; *Amana Express Intl. v Pier-Air Intl.*, 211 AD2d 606, 606-607).  Here, the record is replete with evidence that the individual defendants stole and/or improperly retained thousands of documents belonging to plaintiff and thereafter used that information to compete against their former employer.

We further conclude that plaintiff established the requisite irreparable harm in the absence of the expanded injunctive relief granted by the court (*see generally Ingenuit, Ltd. v Harriff*, 33 AD3d 589, 590; *Eastern Bus. Sys.*, 292 AD2d at 337-338; *Stanley Tulchin Assoc.*, 186 AD2d at 186).  With respect to irreparable harm, the court determined that defendants misappropriated "virtually all of [plaintiff]'s customer information" and utilized that information to establish a competing business in the northeastern United States.  While the loss of sales over a finite period of time can be calculated and adequately remedied by an award of monetary damages (*see Eastman Kodak Co.*, 77 AD3d at 1436), the court properly determined that, without the expanded preliminary injunction, "plaintiff 'would likely sustain a loss of business impossible, or very difficult, to quantify' " (*Invesco Inst. [N.A.], Inc. v Deutsche Inv. Mgt. Ams., Inc.*, 74 AD3d 696, 697; *see generally Gundermann & Gundermann Ins. v Brassill*, 46 AD3d 615, 616-617; *Alside Div. of Associated Materials v*

*Leclair*, 295 AD2d 873, 874).  In support of the motion, plaintiff's senior vice-president averred that, other than a few large national customers, the core of plaintiff's business is comprised of sales to small businesses such as appliance installers and repair persons, and that "[t]hese loyal customers take a great deal of time to develop." Indeed, defendants' own expert opined that the "real value" to the business is the relationship of a distributor with its customer, not a list of names.  The loss of goodwill and damage to customer relationships, unlike the loss of specific sales, is not easily quantified or remedied by monetary damages (*see Gundermann*, 46 AD3d at 617; *Alside Div. of Associated Materials*, 295 AD2d at 874; *cf. Eastman Kodak Co.*, 77 AD3d at 1436).

In addition, we conclude that the balance of the equities favor granting the expanded preliminary injunction (*see generally Destiny USA Holdings, LLC.*, 69 AD3d at 216).  Here, there is no record support for Servall's contention that the expanded preliminary injunction will jeopardize its national operations.  Notably, Servall's chief operating officer averred that "[o]ver 90% of Servall's business has nothing to do with the northeast region or customers there."  With respect to its northeast operations, the expanded injunction only prohibits Servall from soliciting 640 customers on a list of prospective clients that defendants developed using plaintiff's proprietary information.  Servall is thus free to solicit the remaining 3,000-plus customers served by plaintiff, as well as customers served by other competitors.  With respect to that part of the injunction enjoining sales to accounts obtained during the time period that defendants possessed plaintiff's confidential and proprietary information, the order expressly allows Servall to make sales to those customers that Servall can prove it obtained without the use of plaintiff's information.  To the extent that the expanded injunction may negatively impact Servall's business in the northeast, we note that defendants assumed such a risk by knowingly taking or "retain[ing]," a term used by Servall in its brief on appeal, plaintiff's confidential and proprietary information and using that information to its competitive advantage and plaintiff's detriment.

Finally, we reject the contention of plaintiff on its cross appeal that the injunction should be further expanded.  In our view, the court struck the appropriate balance between prohibiting defendants from further exploiting the fruits of the misappropriated information and permitting defendants to compete fairly for customers in the northeast market.

Entered:  June 17, 2011                         Patricia L. Morgan
                                                Clerk of the Court