■ RG & RH, INC., et al., Respondents, v SCHMIDT'S AUTO BODY & GLASS, INC., Appellant and Third-Party Plaintiff-Appellant. RUSSELL HANNY et al., Respondents. [964 NYS2d 437]—

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered January 4, 2012. The order denied defendant and third-party plaintiff's motion for an injunction during the pendency of the underlying action.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant and third-party plaintiff (defendant) appeals from an order denying its motion for a preliminary injunction prohibiting third-party defendants Auto Collision & Glass, Inc., Richard R. Greenawalt and Juanita Greenawalt-Slobe from engaging in any business activity that is similar to or in direct competition with defendant's business activity within a five-mile radius of 2200 Military Road in Niagara Falls during the pendency of this action. "Preliminary injunctive relief is a drastic remedy [that] is not routinely granted" (*Marietta Corp. v Fairhurst*, 301 AD2d 734, 736 [2003]; *see Peterson v Corbin*, 275 AD2d 35, 37 [2000], *appeal dismissed* 95 NY2d 919 [2000]). It is well settled that a party seeking a preliminary injunction "must establish, by clear and convincing evidence . . . , three separate elements: '(1) a likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the provisional relief is withheld; and (3) a balance of equities tipping in the moving party's favor' " (*Destiny USA Holdings, LLC v Citigroup Global Mkts. Realty Corp.*, 69 AD3d 212, 216 [2009], quoting *Doe v Axelrod*, 73 NY2d 748, 750 [1988]; *see J. A. Preston Corp. v Fabrication Enters.*, 68 NY2d 397, 406 [1986]). Moreover, "[a] motion for a preliminary injunction is addressed to the sound discretion of the trial court[,] and the decision of the trial court on such a motion will not be disturbed on appeal, unless there is a showing of an abuse of discretion" (*Destiny USA Holdings, LLC*, 69 AD3d at 216 [internal quotation marks omitted]; *see Axelrod*, 73 NY2d at 750). Here, we conclude that the court did not abuse its discretion in denying defendant's motion for a preliminary injunction (*see generally Marcone APW, LLC v Servall Co.*, 85 AD3d 1693, 1695 [2011]; *Eastman Kodak Co. v Carmosino*, 77 AD3d 1434, 1435 [2010]). Present—Smith, J.P., Fahey, Sconiers, Valentino and Whalen, JJ.