# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**269**

**CA 12-01869**

PRESENT: SMITH, J.P., FAHEY, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

RG & RH, INC. AND LG & WH, INC.,
PLAINTIFFS-RESPONDENTS,

V                                                              MEMORANDUM AND ORDER

SCHMIDT'S AUTO BODY & GLASS, INC.,
DEFENDANT-APPELLANT.
-----------------------------------------------
SCHMIDT'S AUTO BODY & GLASS, INC., THIRD-PARTY
PLAINTIFF-APPELLANT,

V

RUSSELL HANNY, RICHARD GREENAWALT, AUTO
COLLISION & GLASS, INC., RICHARD R. GREENAWALT,
AND JUANITA GREENAWALT-SLOBE, THIRD-PARTY
DEFENDANTS-RESPONDENTS.

---

MOSEY PERSICO, LLP, BUFFALO (JENNIFER C. PERSICO OF COUNSEL), FOR
DEFENDANT-APPELLANT AND THIRD-PARTY PLAINTIFF-APPELLANT.

MAGAVERN MAGAVERN GRIMM LLP, NIAGARA FALLS (SEAN J. MACKENZIE OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS AND THIRD-PARTY
DEFENDANTS-RESPONDENTS RUSSELL HANNY AND RICHARD GREENAWALT.

HARRIS BEACH PLLC, NIAGARA FALLS (PATRICK J. BERRIGAN OF COUNSEL), FOR
THIRD-PARTY DEFENDANTS-RESPONDENTS AUTO COLLISION & GLASS, INC.,
RICHARD R. GREENAWALT AND JUANITA GREENAWALT-SLOBE.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered January 4, 2012. The order denied defendant-third-party plaintiff's motion for an injunction during the pendency of the underlying action.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendant-third-party plaintiff (defendant) appeals from an order denying its motion for a preliminary injunction prohibiting third-party defendants Auto Collision & Glass, Inc., Richard R. Greenawalt and Juanita Greenawalt-Slobe from engaging in any business activity that is similar to or in direct competition with defendant's business activity within a five-mile radius of 2200 Military Road in Niagara Falls during the pendency of this action.

"Preliminary injunctive relief is a drastic remedy [that] is not routinely granted" (*Marietta Corp. v Fairhurst*, 301 AD2d 734, 736; *see Peterson v Corbin*, 275 AD2d 35, 37, *appeal dismissed* 95 NY2d 919).  It is well settled that a party seeking a preliminary injunction "must establish, by clear and convincing evidence . . . , three separate elements:  '(1) a likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the provisional relief is withheld; and (3) a balance of equities tipping in the moving party's favor' " (*Destiny USA Holdings, LLC v Citigroup Global Mkts. Realty Corp.*, 69 AD3d 212, 216, quoting *Doe v Axelrod*, 73 NY2d 748, 750; *see J.A. Preston Corp. v Fabrication Enters.*, 68 NY2d 397, 406).  Moreover, "[a] motion for a preliminary injunction is addressed to the sound discretion of the trial court[,] and the decision of the trial court on such a motion will not be disturbed on appeal, unless there is a showing of an abuse of discretion" (*Destiny USA Holdings, LLC*, 69 AD3d at 216 [internal quotation marks omitted]; *see Axelrod*, 73 NY2d at 750).  Here, we conclude that the court did not abuse its discretion in denying defendant's motion for a preliminary injunction (*see generally Marcone APW, LLC v Servall Co.*, 85 AD3d 1693, 1695; *Eastman Kodak Co. v Carmosino*, 77 AD3d 1434, 1435).

Entered:  May 3, 2013                          Frances E. Cafarell
                                               Clerk of the Court