*1456 Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered January 4, 2012. The order denied defendant and third-party plaintiffs motion for an injunction during the pendency of the underlying action.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant and third-party plaintiff (defendant) appeals from an order denying its motion for a preliminary injunction prohibiting third-party defendants Auto Collision & Glass, Inc., Richard R. Greenawalt and Juanita Greenawalt-Slobe from engaging in any business activity that is similar to or in direct competition with defendant’s business activity within a five-mile radius of 2200 Military Road in Niagara Falls during the pendency of this action. “Preliminary injunctive relief is a drastic remedy [that] is not routinely granted” (Marietta Corp. v Fairhurst, 301 AD2d 734, 736 [2003]; see Peterson v Corbin, 275 AD2d 35, 37 [2000], appeal dismissed 95 NY2d 919 [2000]). It is well settled that a party seeking a preliminary injunction “must establish, by clear and convincing evidence . . . , three separate elements: ‘(1) a likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the provisional relief is withheld; and (3) a balance of equities tipping in the moving party’s favor’ ” (Destiny USA Holdings, LLC v Citigroup Global Mkts. Realty Corp., 69 AD3d 212, 216 [2009], quoting Doe v Axelrod, 73 NY2d 748, 750 [1988]; see J. A. Preston Corp. v Fabrication Enters., 68 NY2d 397, 406 [1986]). Moreover, “[a] motion for a preliminary injunction is addressed to the sound discretion of the trial court[,] and the decision of the trial court on such a motion will not be disturbed on appeal, unless there is a showing of an abuse of discretion” (Destiny USA Holdings, LLC, 69 AD3d at 216 [internal quotation marks omitted]; see Axelrod, 73 NY2d at 750). Here, we conclude that the court did not abuse its discretion in denying defendant’s motion for a preliminary injunction (see generally Marcone APW, LLC v Servall Co., 85 AD3d 1693, 1695 [2011]; Eastman Kodak Co. v Carmosino, 77 AD3d 1434, 1435 [2010]). Present—Smith, J.P, Fahey, Sconiers, Valentino and Whalen, JJ.