# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

305

CA 13-00761

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND WHALEN, JJ.

---

IN THE MATTER OF RICCELLI ENTERPRISES, INC.,
ET AL., PETITIONERS-PLAINTIFFS-RESPONDENTS,

V                                    MEMORANDUM AND ORDER

STATE OF NEW YORK WORKERS' COMPENSATION BOARD
AND ROBERT E. BELOTEN, AS CHAIRMAN OF THE
WORKERS' COMPENSATION BOARD,
RESPONDENTS-DEFENDANTS-APPELLANTS.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JEFFREY W. LANG OF
COUNSEL), FOR RESPONDENTS-DEFENDANTS-APPELLANTS.

GILBERTI STINZIANO HEINTZ & SMITH, P.C., SYRACUSE (PATRICIA S.
NAUGHTON OF COUNSEL), AND COSTELLO COONEY & FEARON, P.L.L.C., FOR
PETITIONERS-PLAINTIFFS-RESPONDENTS.

-------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Onondaga County (John
C. Cherundolo, A.J.), entered August 14, 2012 in a CPLR article 78
proceeding and declaratory judgment action. The order, among other
things, granted the application of petitioners-plaintiffs for a stay.

It is hereby ORDERED that the order so appealed from is affirmed
without costs.

Memorandum: Respondents-defendants (hereafter, Board) appeal
from that part of an order granting petitioners-plaintiffs'
application pursuant to CPLR 7805 for a stay of, inter alia, the
enforcement of the Board's determination to levy deficit assessments
against them under the authority of Workers' Compensation Law § 50 (3-
a) (7) (b) pending the determination of the instant CPLR article 78
proceeding/declaratory judgment action (hereafter, proceeding).
Petitioners-plaintiffs (petitioners) are former members of a group
self-insured trust (GSIT or Trust), which provided workers'
compensation benefits to their respective employees. In 2008, the
Board terminated the Trust and assumed the administration of it for
the purpose of "final distribution of the [Trust's] assets and
liabilities." Petitioners and the Board agree that the third-party
administrator of the Trust, Compensation Risk Managers, LLC (CRM),
acted fraudulently in its management of the Trust, and the Board has
commenced a separate action against CRM for its alleged mismanagement
of the Trust and other failed GSITs. The Board levied assessments
against petitioners totaling more than $140 million for their alleged
pro rata share of the deficits of the Trust in 2010, prompting

petitioners to commence this proceeding.  Petitioners allege, inter alia, that the Trust was not validly formed; that the Board's oversight of the Trust amounted to nonfeasance; and that the Board's attempts to impose deficit assessments against them pursuant to Workers' Compensation Law § 50 (3-a) (7) (b) are illegal and violate their procedural and due process rights.

As an initial matter, we note that, although petitioners moved for a stay pursuant to CPLR 7805, preventing the Board from, inter alia, taking any further action against them to enforce the alleged deficit assessments, Supreme Court properly considered their request for relief as "a request for preliminary injunction," and thus properly considered the requisite factors for granting such relief, i.e., irreparable harm, likelihood of success on the merits, and a balancing of the equities (see CPLR 6301; see also Melvin v Union Coll., 195 AD2d 447, 447-448).  "[W]e note the well-settled proposition that '[a] motion for a preliminary injunction is addressed to the sound discretion of the trial court[,] and the decision of the trial court on such a motion will not be disturbed on appeal, unless there is a showing of an abuse of discretion' " (Marcone APW, LLC v Servall Co., 85 AD3d 1693, 1695).  We conclude that the court did not abuse its discretion in granting petitioners' request for a preliminary injunction pending the outcome of this proceeding (see Destiny USA Holdings, LLC v Citigroup Global Mkts. Realty Corp., 69 AD3d 212, 216; see also Melvin, 195 AD2d at 448-449).

The Board contends that petitioners have failed to demonstrate the imminent risk of irreparable harm because, inter alia, the Board is seeking only the payment of judgments against petitioners pursuant to Workers' Compensation Law § 26 for the amounts of the workers' compensation benefits paid to their respective employees, and that petitioners have not established that they will sustain irreparable harm if such judgments are filed.  We reject that contention. Petitioners established that the Board has the authority to institute collection actions against them for the pro rata share of the deficit assessment, and to file judgments against them pursuant to section 26—the viability of which petitioners contest—and, additionally, that the Board has the authority to issue stop work orders in the event of a petitioner's failure to pay a section 26 judgment (see § 141-a [4] [a]).  Because the loss of business, as the result of an action seeking the collection of the pro rata share of the deficit assessment or as the result of a potential stop work order, is an imminent risk that is " 'impossible, or very difficult, to quantify,' " we conclude that the court did not abuse its discretion in determining that petitioners established by clear and convincing evidence that there is a risk of irreparable harm (Marcone APW, LLC, 85 AD3d at 1696).

We further conclude that the court did not abuse its discretion in determining that petitioners have established the likelihood of success on the merits of at least some of their claims.  Notably petitioners established by clear and convincing evidence that the Board failed to provide petitioners with the amount of the deficiency assessment "to discharge all liabilities of the group self-insurer" within 120 days of the dissolution of the Trust (Workers' Compensation

Law § 50 (3-a) (7) (b); *see generally Destiny USA Holdings, LLC*, 69 AD3d at 216). We further conclude that the court did not abuse its discretion in determining that the balancing of the equities favor granting the preliminary injunction. The Board's ability to fulfill its obligation to pay the claims of petitioners' employees that accrued during the lifetime of the Trust is not jeopardized by granting the preliminary injunction, while, as noted above, petitioners could suffer irreparable harm if the Board were permitted to proceed with its attempt to recoup not only the amounts subject to judgments pursuant to section 26, but also the pro rata shares of the deficiency assessment (*see generally Marcone APW, LLC*, 85 AD3d at 1697; *Destiny USA Holdings, LLC*, 69 AD3d at 216).

All concur except FAHEY, J., who concurs in the result in the following Memorandum: I respectfully concur in the result reached by the majority. I disagree, however, with the majority's reliance on *Destiny USA Holdings, LLC v Citigroup Global Mkts. Realty Corp.* (69 AD3d 212, 216) for the reasons stated in my dissenting opinion in that case.