■ Anna Pezhman, Appellant, v Chanel, Inc., Respondent, et al., Defendants. [25 NYS3d 75]—

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered May 21, 2015, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to sanction defendant, unanimously affirmed, with costs.

The motion court providently exercised its discretion in denying plaintiff's motion, made only one day after the court, at oral argument, denied a motion made by plaintiff seeking nearly identical relief. The evidence does not support a finding of civil contempt against defendant, as there is no showing that defendant violated an order of the court (*see* Judiciary

Law § 753 [A]; *El-Dehdan v El-Dehdan*, 26 NY3d 19, 28-29 [2015]). Nor was defendant's cross motion seeking sanctions frivolous (*see* 22 NYCRR 130-1.1). Although the motion court denied defendant's cross motion, it correctly admonished plaintiff for her multiple after-hours telephone calls, and for her communications threatening to report defense counsel to the disciplinary committee unless his firm withdrew as counsel.

Defendant did not commit fraud upon the court by providing it with a copy of a redacted email from plaintiff (*see generally CDR Créances S.A.S. v Cohen*, 23 NY3d 307, 320-321 [2014]). The redactions were obvious and involved settlement negotiations. Moreover, defendant obtained an unredacted copy of the email for the court's review and read almost all of the email into the record at oral argument, except for the proffered settlement amounts.

Discovery sanctions, such as striking defendant's answer, are unwarranted (*see* CPLR 3126; *Catarine v Beth Israel Med. Ctr.*, 290 AD2d 213, 215 [1st Dept 2002]). Although defendant failed to appear at a nonparty deposition, it contacted plaintiff in advance and advised her that the witness could not appear on the date she had selected.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Renwick, Manzanet-Daniels and Gische, JJ.