# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**754**
**CA 15-02074**
PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, TROUTMAN, AND SCUDDER, JJ.

---

RICCELLI ENTERPRISES, INC., ET AL.,
PETITIONERS-PLAINTIFFS-RESPONDENTS,

V                                                    MEMORANDUM AND ORDER

STATE OF NEW YORK WORKERS' COMPENSATION
BOARD, ROBERT E. BELOTEN, CHAIRMAN OF
WORKERS' COMPENSATION BOARD AND SAFE LLC,
RESPONDENTS-DEFENDANTS-APPELLANTS.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JEFFREY W. LANG OF
COUNSEL), FOR RESPONDENTS-DEFENDANTS-APPELLANTS.

GILBERTI STINZIANO HEINTZ & SMITH, P.C., SYRACUSE (GARY KELDER OF
COUNSEL), FOR PETITIONERS-PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Onondaga County
(Donald F. Cerio, Jr., A.J.), entered May 8, 2015.  The order granted
the motion of petitioners-plaintiffs to hold respondents-defendants in
contempt and granted petitioners-plaintiffs costs and fees.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  In a prior appeal, we affirmed an order in which
Supreme Court granted "petitioners'-plaintiffs' application pursuant
to CPLR 7805 for a stay of, inter alia, the enforcement of
[respondents'-defendants'] determination to levy deficit assessments
against them under the authority of Workers' Compensation Law § 50
(3-a) (7) (b) pending the determination of the instant CPLR article 78
proceeding/declaratory judgment action (hereafter proceeding)"
(hereafter, stay order) (*Matter of Riccelli Enters., Inc. v State of
N.Y. Workers' Compensation Bd.*, 117 AD3d 1438, 1439).  As we explained
in our prior memorandum, "petitioners-plaintiffs (petitioners) are
former members of a group self-insured trust (GSIT or Trust), which
provided workers' compensation benefits to their respective employees"
(*id.*).  During the pendency of the prior appeal, respondents-
defendants (hereafter, Board), commenced an action in Albany County
against approximately 600 other former members of the Trust to collect
deficit assessments and fees related to the Trust.  Some of those
former members thereafter commenced a third-party action seeking
indemnification and/or contribution from petitioners herein.  The
Board brought a cross motion in the Albany County action seeking to
consolidate that action and the instant proceeding, and to change the

venue of the instant proceeding from Onondaga County to Albany County. When the Board refused petitioners' request to withdraw its cross motion, petitioners moved pursuant to, inter alia, Judiciary Law § 756 for a determination that the Board was in contempt of the stay order. The court determined that the Board violated that part of the stay order providing that "all further proceedings are [stayed] until a final determination can be made as to all claims in this proceeding[ ], preventing respondents[ ] from taking any further action against the [p]etitioners[ ]," and it assessed fees and costs against the Board as a penalty for the contempt.

It is well settled that, in order to establish civil contempt under Judiciary Law § 753, the party seeking the order must show by clear and convincing evidence that there was a lawful order of the court with a clear and unequivocal mandate; that the order had been disobeyed; that the party to be held in contempt had knowledge of the court's order; and that the party seeking the order was prejudiced (*see El-Dehdan v El-Dehdan*, 26 NY3d 19, 29).  " 'An application to punish a party for contempt is addressed to the sound discretion of the court' " (*Fernandez v Fernandez*, 278 AD2d 882, 882; *see generally Pezhman v Chanel, Inc.*, 135 AD3d 596, 596; *Korea Chosun Daily Times, Inc. v Dough Boy Donuts, Inc.*, 129 AD3d 918, 918).  Contrary to the Board's contention, the stay order was " 'clear and explicit[,] and . . . the act complained of [was] clearly proscribed' " (*Halfond v White Lake Shores Assn., Inc.*, 114 AD3d 1315, 1316).  Here, the stay order clearly and explicitly proscribed the Board from "taking any further action" against petitioners, and yet the Board took further action against petitioners by seeking to consolidate the proceeding with the action it had commenced in Albany County and to transfer the venue of the instant proceeding to Albany County.  Contrary to the Board's further contention, its actions prejudiced petitioners inasmuch as "[t]he stay was meant to ensure that any relief petitioners might be deemed entitled to was not rendered altogether academic" by consolidating this proceeding with an action to collect assessments from approximately 600 other former Trust members in another county (*Matter of McCormick v Axelrod*, 59 NY2d 574, 587, *order amended* 60 NY2d 652).  We therefore conclude that the court did not improvidently exercise its discretion in determining that the Board was in contempt of the stay order.

Entered:  September 30, 2016                    Frances E. Cafarell
                                                Clerk of the Court