■ ELPAC, LTD., Respondent, v KEENPAC NORTH AMERICA, LTD., et al., Appellants, et al., Defendants.—Mercure, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Green, J.), entered August 20, 1991 in Orange County, which granted plaintiff's motion for a preliminary injunction.

Plaintiff is in the business of selling high quality hand-finished "European-style" shopping bags, manufactured by Specialty Products, a related corporation with plants in Guatemala and El Salvador, to top-of-the-line retail establishments and manufacturers. As of May 19, 1991, plaintiff operated out of offices in the Village of Monroe, Orange County, and had four employees. Defendant Lawrence R. Kelly had been employed as president and a director of plaintiff since 1986. Defendant Stephen F. Rogers was plaintiff's sole full-time salesperson. Defendant Pamela Cerone was plaintiff's office manager and Betty Doughty served as bookkeeper and traffic manager. By letter dated April 4, 1991, Kelly advised Nassin Yarhi, plaintiff's principal, of his immediate resignation as president and of his intention to leave plaintiff's employ as of May 31, 1991 to start a new, competing business, hopefully utilizing Specialty Products as a primary product source. Kelly further advised Narhi that he expected to remain at the same physical location, that he intended to offer employment to Rogers, Cerone and Doughty, and that he anticipated that the offers of employment would be accepted. On May 20, 1991, plaintiff's new president arrived to find the competing business, defendant Keenpac North America, Ltd. (hereinafter Keenpac), already operating in offices down the hall from plaintiff's. Within a few months Kelly, Rogers, Cerone and Doughty had all left plaintiff to work for Keenpac. Kelly and Rogers each serves as a director and officer and is a 15% shareholder of Keenpac; Cerone is Keenpac's secretary. Defendant Keenpac, Ltd., based in the United Kingdom, owns 55% of the stock of Keenpac.

Plaintiff commenced this action for injunctive and monetary relief in June 1991, alleging breach of loyalty and fiduciary duty on the part of Kelly, Rogers and Cerone (hereinafter collectively referred to as the individual defendants) in that, while full-time employees of plaintiff, they secretly formed

Keenpac to compete with plaintiff, improperly utilized their time and plaintiff's equipment, furniture and other assets in furtherance of Keenpac's business, and actually diverted customer orders from plaintiff to Keenpac. Simultaneously, plaintiff moved for a preliminary injunction enjoining defendants from soliciting or engaging in any business activity with any customer of plaintiff who was such at any time the individual defendants were plaintiff's officers or employees. Supreme Court granted plaintiff's motion and defendants appeal.

We reverse. "It is well-settled law that a preliminary injunction may be granted under CPLR article 63 only if the party seeking such relief has demonstrated (1) a likelihood of ultimate success on the merits, (2) the prospect of irreparable injury if the provisional relief is withheld, and (3) a balancing of the equities weighing in favor of the moving party" *(Kensington Ct. Assocs. v Gullo,* 180 AD2d 888, 889; *see, Aetna Ins. Co. v Capasso,* 75 NY2d 860, 862; *Doe v Axelrod,* 73 NY2d 748, 750). Even assuming, arguendo, that plaintiff has made an adequate showing of merit *(see, Duane Jones Co. v Burke,* 306 NY 172) and that the equities balance in its favor, we nonetheless conclude that plaintiff has failed in its burden of establishing irreparable injury absent the imposition of pendente lite injunctive relief, thereby mandating denial of the motion.

Succinctly stated, plaintiff's sole argument in favor of a finding of irreparable injury is that (1) during the two-month period preceding May 20, 1991, defendants diverted to Keenpac 12 or 13 of plaintiff's orders, representing as much as 12% of the total monetary value of plaintiff's orders for the period, (2) defendants "trampled on [plaintiff's] good will" by indicating to certain of plaintiff's customers that certain types of orders could be better serviced by Keenpac, and (3) the injury to plaintiff's good will "cannot begin to be measured in monetary terms". Although the diversion of at least 12 orders is conceded by defendants, the balance of plaintiff's claim lacks support in the record and, in fact, rests upon sheer speculation.

First, it should be noted that this case does not involve a confidential customer list, proprietary business information or a covenant not to compete *(cf., Velo-Bind, Inc. v Scheck,* 485 F Supp 102; *Arnold's Ice Cream Co. v Carlson,* 330 F Supp 1185; *Cool Insuring Agency v Rogers,* 125 AD2d 758, *appeal dismissed* 69 NY2d 1037), and there is no question that the individual defendants were free to engage in a competing business and solicit plaintiff's customers as soon as their

employment with plaintiff was terminated *(see, Reed, Roberts Assocs. v Strauman,* 40 NY2d 303, 308; *Walter Karl, Inc. v Wood,* 137 AD2d 22, 27). As such, the conduct forming the basis for plaintiff's action occurred prior to May 20, 1991, did not continue thereafter and, thus, cannot be remedied by a grant of injunctive relief. Second, we are not persuaded on this record that the European-style shopping bag market is such that the individual defendants' wrongful diversion of one order would give defendants an unfair competitive edge in connection with subsequent orders from the same customer. Plaintiff itself concedes that customers "decide anew with each order where that order will be placed. They solicit price quotations, then make their decision as to which vendor will receive their business based upon price, service and ability to meet their product specifications". Under the circumstances, plaintiff has failed to establish that it cannot be made whole by an award of monetary damages *(cf., Poling Transp. Corp. v A & P Tanker Corp.,* 84 AD2d 796).

Weiss, P. J., Crew III, Mahoney and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.