■ SARBRO IX, Doing Business as SHELDON HALL ASSOCIATES, Appellant, v STATE OF NEW YORK OFFICE OF GENERAL SERVICES, Respondent. (Claim No. 88143.) (Appeal No. 3.) [645 NYS2d 212] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In 1984 the New York State Office of General Services requested bids for the rehabilitation of Sheldon Hall, located at the State University of New York-Oswego campus. Claimant, as the successful bidder, executed a development agreement and a lease agreement for the property. The agreements provided that claimant would lease Sheldon Hall for a period of 40 years and would renovate and convert the building into a private hotel, restaurant and conference facility, which it would thereafter operate. The agreements did not indicate whether the project would be subject to the prevailing wage schedule provisions of Labor Law article 8. Several years after claimant began redeveloping Sheldon Hall, the New York State Labor Department determined that the work was subject to the prevailing wage schedule. That determination was confirmed in 1991 by the Third Department (*Matter of Sarkisian Bros. v Hartnett*, 172 AD2d 895, *lv denied* 78 NY2d 859).

Claimant subsequently commenced this action, seeking money damages arising from its lease and renovation of Sheldon Hall. Claimant alleged that the parties had entered into the agreements based upon their erroneous understanding that the project was not subject to the prevailing wage schedule and that, as a result of that mutual mistake, claimant has expended approximately $4 to $6 million. Claimant asserted

causes of action for breach of contract and misrepresentation and in addition asserted causes of action for rescission or reformation of the agreements based on mutual mistake and money damages based on quasi contract or unjust enrichment. The Court of Claims granted defendant's motion for summary judgment dismissing the complaint and this appeal ensued.

Claimant contends that the court erred in dismissing the causes of action seeking money damages based on equitable considerations on the ground that the court lacks subject matter jurisdiction. We agree. In determining the subject matter jurisdiction of the Court of Claims, the issue is "[w]hether the essential nature of the claim is to recover money, or whether the monetary relief is incidental to the primary claim" (*Matter of Gross v Perales*, 72 NY2d 231, 236, *rearg denied* 72 NY2d 1042). As long as the primary claim is for money damages, the court "may apply equitable considerations" and grant incidental equitable relief (*Psaty v Duryea*, 306 NY 413, 417).

Here, the primary relief sought by claimant is monetary; claimant seeks rescission or reformation of the agreements only so that it can recover from defendant based on breach of implied contract or unjust enrichment arising from mutual mistake. Thus, the court has subject matter jurisdiction over the claims (*see, Sheridan Drive-In v State of New York*, 16 AD2d 400, 406; *see also, Alonzo, Inc. v State of New York*, 73 AD2d 760, 761; *St. Paul Fire & Mar. Ins. Co. v State of New York*, 99 Misc 2d 140, 155-156). To hold otherwise would leave claimant without a remedy because it is barred from seeking money damages from defendant in Supreme Court. Indeed, Court of Claims Act § 9 (2) specifically provides the court with jurisdiction over claims for breach of contract, express or implied. Thus, the court has jurisdiction over contracts implied in law, "an obligation which the law creates in the absence of agreement when one party possesses money that in equity and good conscience he ought not to retain and that belongs to another", as well as over quasi contract actions such as unjust enrichment or money had and received (*Parsa v State of New York*, 64 NY2d 143, 148, *rearg denied* 64 NY2d 885; *see, Miller v Schloss*, 218 NY 400, 406-407; *230 Park Ave. Assocs. v State of New York*, 165 Misc 2d 920, 926-927). Even defendant's counsel noted in an affidavit on the motion that claimant's only remedy in this matter may have been to bring an action for rescission in the Court of Claims. We therefore modify the order by reinstating the causes of action seeking money damages based on equitable considerations.

We conclude, however, that the court properly dismissed the

cause of action for breach of contract. Claimant failed to establish that defendant breached any provisions of its contract with claimant. Mutual mistake cannot support a cause of action for breach of contract; rather, mutual mistake supports a cause of action for reformation or rescission (*see, Matter of Gould v Board of Educ.*, 81 NY2d 446, 453; *Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 218-219; *Schmidt v Magnetic Head Corp.*, 97 AD2d 151, 159).

The court also properly dismissed the cause of action for misrepresentation. There can be no tort liability for defendant's failure to declare that this was a public works project or to attach a prevailing wage schedule to the invitation to bid or the agreements (*see generally, Hoxie's Painting Co. v Cato-Meridian Cent. School Dist.*, 76 NY2d 207; *Williamson Roofing & Sheet Metal Co. v Town of Parish*, 139 AD2d 97).

We have reviewed the remaining contentions of claimant and conclude that they are without merit. (Appeal from Order of Court of Claims, Corbett, Jr., J.—Summary Judgment.) Present—Denman, P. J., Lawton, Wesley, Doerr and Balio, JJ.