■ MAIN EVALUATIONS, INC., Respondent, v STATE OF NEW YORK et al., Appellants. [745 NYS2d 355] —Appeal from an order of Supreme Court, Erie County (O'Donnell, J.), entered March 25, 2002, which, inter alia, granted plaintiff's motion for a preliminary injunction.

It is hereby ordered that the order so appealed from be and the same hereby is reversed on the law without costs, the motion is denied, the preliminary injunction is vacated, the cross motion is granted and the complaint is dismissed.

Memorandum: Plaintiff entered into two contracts with the New York State Office of Temporary and Disability Assistance

(defendant) to perform medical evaluations for claimants seeking Social Security disability benefits. Defendant terminated the contracts after learning that plaintiff's chief medical officer was the subject of professional disciplinary proceedings that resulted in the suspension of his medical license. Plaintiff then commenced this action in Supreme Court seeking a declaration that defendants breached the contracts and violated plaintiff's constitutional right to equal protection of the law, and seeking an injunction enjoining defendants from terminating the contracts. Plaintiff also made a motion for a preliminary injunction enjoining defendants from terminating the contracts. Defendants opposed the motion and cross-moved for an order dismissing the complaint on the ground that Supreme Court lacked subject matter jurisdiction, contending that plaintiff's sole remedy for the alleged breach of the contracts at issue is an action for money damages in the Court of Claims.

Supreme Court granted plaintiff's motion for a preliminary injunction, directing defendant to reinstate the two contracts at issue pending final determination of this action, and denied defendants' cross motion. We reverse.

With respect to the first cause of action seeking a declaration that defendants breached the contracts, it is well established that "[a] cause of action for a declaratory judgment is unnecessary and inappropriate when the plaintiff has an adequate, alternative remedy in another form of action, such as breach of contract" (*Apple Records v Capitol Records*, 137 AD2d 50, 54; *see BGW Dev. Corp. v Mount Kisco Lodge No. 1552 of Benevolent & Protective Order of Elks of U.S. of Am.*, 247 AD2d 565, 568, *lv denied* 92 NY2d 813; *Levey v Leventhal & Sons*, 231 AD2d 877, 878). We conclude that this action seeking declaratory and injunctive relief is "unnecessary and inappropriate [because] the plaintiff has an adequate, alternative remedy" in an action for breach of contract (*Apple Records*, 137 AD2d at 54). Furthermore, even if a declaratory judgment action would otherwise have been appropriate, the contracts at issue expressly limit plaintiff's remedy to money damages in the event of a dispute, and "parties to an agreement may not seek a declaration of their contract rights when their agreement specifies a different, reasonable means for resolving such disputes" (*Kalisch-Jarcho, Inc. v City of New York,* 72 NY2d 727, 732). Because the Court of Claims has subject matter jurisdiction over a cause of action against the State for breach of contract (*see* Court of Claims Act § 9 [2]; *Sarbro IX v State of N.Y. Off. of Gen. Servs.*, 229 AD2d 910, 911), "the proper forum for [that cause of action] is the Court of Claims" (*Matter of City*

*Constr. Dev. v Commissioner of N.Y. State Off. of Gen. Servs.*, 176 AD2d 1145, 1146).

We further conclude that the second cause of action seeking a declaration that defendants violated plaintiff's constitutional right to equal protection of the law also is properly the subject of an action in the Court of Claims. A cause of action to recover damages against the State for violation of the Equal Protection Clause of the New York Constitution may be brought in the Court of Claims (*see generally Brown v State of New York*, 89 NY2d 172, 188).

In any event, even assuming, arguendo, that Supreme Court properly denied defendants' cross motion, we conclude that the court abused its discretion in granting plaintiff's motion for a preliminary injunction. Plaintiff failed to meet its burden of demonstrating the likelihood of ultimate success on the merits, irreparable injury if the preliminary injunction is not granted, and a balancing of the equities in its favor (*see generally Doe v Axelrod*, 73 NY2d 748, 750; *Time Sq. Books v City of Rochester*, 223 AD2d 270, 272). Plaintiff contends that it will be irreparably injured based on the loss of substantial sums expended in preparation for its performance under the contracts and the loss of good will. We conclude, however, that plaintiff, if successful, can be adequately compensated with money damages for those alleged injuries (*see Elpac, Ltd. v Keenpac N. Am.*, 186 AD2d 893, 894-895).

All concur except Scudder, J., who dissents and votes to affirm in the following memorandum.

Scudder, J. (dissenting). I respectfully dissent. In my view, Supreme Court properly granted plaintiff's motion for a preliminary injunction prohibiting defendants from terminating certain contracts with plaintiff, pursuant to which plaintiff was to perform medical evaluations for claimants seeking Social Security disability benefits. I further conclude that the court properly denied defendants' cross motion seeking to dismiss the complaint for lack of subject matter jurisdiction. Although the majority properly notes that the Court of Claims has jurisdiction over a cause of action against the State for breach of contract, the Court of Claims may grant injunctive relief only if such relief is incidental to an award of damages (*see Sarbro IX v State of N.Y. Off. of Gen. Servs.*, 229 AD2d 910, 911), and here plaintiff does not seek damages. Rather, plaintiff seeks a declaration that defendants breached the contracts and an injunction prohibiting defendants from doing so.

The majority also properly notes that "[a] cause of action to recover damages against the State for violation of the Equal

Protection Clause of the New York Constitution may be brought in the Court of Claims." However, contrary to the implicit conclusion of the majority, plaintiff does not seek damages based on that cause of action. Rather, plaintiff seeks a declaration that defendants violated plaintiff's right to equal protection by terminating the contracts on the ground that plaintiff is not a professional corporation while failing to terminate their contracts with other corporations that also were not professional corporations.

In my view, and contrary to the majority's conclusion, the failure of plaintiff to seek damages for breach of contract in the Court of Claims does not foreclose its right to seek in Supreme Court a declaration that defendants breached the contracts. A court "may decline to hear the matter [seeking declaratory relief] if there are other adequate remedies available, and it must dismiss the action if there is already pending between the parties another action in which all the issues can be determined * * *. The mere existence of other adequate remedies, however, does not require dismissal: 'We have never gone so far as to hold that, when there exists a genuine controversy requiring a judicial determination, the Supreme Court is bound, solely for the reason that another remedy is available, to refuse to exercise the power conferred by [the predecessor statutes to CPLR 3001]' " (*Matter of Morgenthau v Erlbaum,* 59 NY2d 143, 148, *cert denied* 464 US 993; *see Seneca Ins. Co. v Lincolnshire Mgt.,* 269 AD2d 274, 275; *cf. BGW Dev. Corp. v Mount Kisco Lodge No. 1552 of Benevolent & Protective Order of Elks of U.S. of Am.,* 247 AD2d 565, 568, *lv denied* 92 NY2d 813; *Apple Records v Capitol Records,*137 AD2d 50, 54). *BGW Dev. Corp., Apple Records,* and *Levey v Leventhal & Sons* (231 AD2d 877), the cases relied upon by the majority, are factually distinguishable. In those cases, it was determined that the causes of action seeking declaratory relief were unnecessary and inappropriate because the complaints also sought damages for breach of contract. Nor does the decision in *Kalisch-Jarcho, Inc. v City of New York* (72 NY2d 727, 732) provide support for the result reached by the majority. Although the Court of Appeals stated therein that declaratory relief is inappropriate if the contract specifies a "different, reasonable means for resolving such disputes" (*id.*), the Court also recognized that a declaratory judgment action "may be an appropriate vehicle for settling justiciable disputes as to contract rights and obligations" (*id.* at 731). Although the contracts at issue address money damages, plaintiff does not seek money damages, and thus declaratory relief is appropriate. I disagree with the majority that the contracts limit plaintiff's remedy to money

damages. The parties dispute the meaning of the term "redress" as that term is used in the clause providing that plaintiff agreed to accept "as full compensation for any damages * * * actually suffer[ed] * * * reasonable and appropriate expenses incurred * * * [and] agree[d] not to seek any punitive damages or other additional compensation or redress." Any ambiguity in that clause must be construed against defendants, the parties who drafted the contracts (*see Clifton Steel Corp. v County of Monroe Pub. Works Dept.*, 120 AD2d 924, 924), and in my view that clause does not indicate that plaintiff "unequivocally declared its intention to surrender substantive or procedural rights to seek [injunctive relief]" (*Abiele Contr. v New York City School Constr. Auth.*, 91 NY2d 1, 10). Thus, contrary to the apparent conclusion of the majority, defendants failed to establish that plaintiff waived its right to seek injunctive relief (*see generally Rosenthal v City of New York*, 283 AD2d 156, 160, *lv dismissed* 97 NY2d 654).

I further conclude that the court properly determined that plaintiff established that the termination of the contracts threatens the very existence of its business, thereby establishing irreparable harm and a balancing of the equities in its favor (*see State of New York v Premier Color of N.Y.*, 285 AD2d 544, 545; *Quinones v Board of Mgrs. of Regalwalk Condominium I*, 242 AD2d 52, 57; *cf. Elpac, Ltd. v Keenpac N. Am.*, 186 AD2d 893, 894-895). Furthermore, in my view, plaintiff established a likelihood of success on the merits (*cf. Doe v Axelrod*, 73 NY2d 748, 750-751). I therefore disagree with the majority that the court abused its discretion in granting plaintiff's motion for a preliminary injunction, and I would affirm. Present—Pigott, Jr., P.J., Green, Scudder, Burns and Gorski, JJ.