■ D&W DIESEL, INC., Respondent, v PATRICK MCINTOSH, Appellant. [762 NYS2d 851] —Appeal from that part of an order of Supreme Court, Cayuga County (Fandrich, J.), entered November 14, 2002, that granted in part plaintiff's motion for a preliminary injunction.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the preliminary injunction is vacated.

Memorandum: Supreme Court erred in granting in part plaintiff's motion for a preliminary injunction and enjoining defendant from breaching the terms of a non-competition agreement between the parties. Defendant was plaintiff's regional sales manager for the Rochester area before leaving his employment to work as a sales manager for JGB Enterprises, Inc., a company that competes with plaintiff for sales business in the hydraulic hose market.

"[R]estrictive covenants that tend to prevent an employee from pursuing a similar vocation upon termination or retirement from employment are disfavored by the law * * * [and] will not be enforced unless necessary to protect trade secrets, confidential customer lists or good will, or to prevent special harm to which the former employer might be exposed because of the unique nature of the employee's services" (*Briskin v All Seasons Servs.*, 206 AD2d 906, 906 [1994]; *see American Broadcasting Cos. v Wolf*, 52 NY2d 394, 403 [1981]). A noncompetition agreement is subject to a reasonableness test, and "[t]he modern, prevailing common-law standard of reasonableness * * * applies a three-pronged test. A restraint is reasonable only if it: (1) is *no greater* than is required for the protec-

tion of the *legitimate interest* of the employer, (2) does not impose undue hardship on the employee, and (3) is not injurious to the public * * *. A violation of any prong renders the covenant invalid" (*BDO Seidman v Hirshberg*, 93 NY2d 382, 388-389 [1999]).

Here, the restrictions imposed by the non-competition agreement are *"greater* than is required for the protection of the *legitimate interest* of" plaintiff, in that defendant's sales position requires no knowledge of trade secrets and defendant's talents are not unique or extraordinary (*id.* at 388). Thus, plaintiff failed to demonstrate a likelihood of success on the merits with respect to the enforceability of the agreement, and the preliminary injunction must therefore be vacated (*see Technology for Measurement v Briggs*, 291 AD2d 902 [2002]). Moreover, because the non-competition agreement is for a finite period, i.e., 18 months, any loss of sales occasioned by the allegedly improper conduct of defendant can be calculated. Thus, plaintiff has an adequate remedy in the form of monetary damages, and injunctive relief is both unnecessary and unwarranted (*see Main Evaluations v State of New York*, 296 AD2d 852, 854 [2002]; *Elpac, Ltd. v Keenpac N. Am.*, 186 AD2d 893, 895 [1992]). Present—Hurlbutt, J.P., Scudder, Kehoe, Burns and Gorski, JJ.