Robinson Home Prods., Inc. v Oneida, Ltd. (2018 NY Slip Op 05105)





Robinson Home Prods., Inc. v Oneida, Ltd.


2018 NY Slip Op 05105


Decided on July 6, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND TROUTMAN, JJ.


812.1 CA 18-00467

[*1]ROBINSON HOME PRODUCTS, INC., PLAINTIFF-APPELLANT,
v
ONEIDA, LTD., AND EVERYWARE GLOBAL, INC., DEFENDANTS-RESPONDENTS. 






WOODS OVIATT GILMAN LLP, ROCHESTER (WILLIAM F. SAVINO OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
MILBANK, TWEED, HADLEY & MCCLOY LLP, NEW YORK CITY (ATARA MILLER OF COUNSEL), AND HARTER SECREST & EMERY LLP, ROCHESTER, FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered March 16, 2018. The order denied the motion of plaintiff for a preliminary injunction and vacated a temporary restraining order. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: This litigation arises from a license agreement pursuant to which defendants gave plaintiff the right to manufacture and distribute merchandise within the United States using defendants' brand names. Defendants notified plaintiff that they were terminating the license agreement because plaintiff allegedly breached several of its terms, including by selling branded merchandise outside the United States. In response, plaintiff commenced this action seeking declaratory relief, specific performance, and money damages for breach of contract. Supreme Court initially granted plaintiff's request for a temporary restraining order that precluded defendants from interfering with its use of the license or from terminating the license agreement but, after approximately 11 months, the court vacated that order and denied plaintiff's motion for a preliminary injunction. Plaintiff appeals, contending that the court abused its discretion in denying that motion. We affirm.
It is well settled that, "[i]n order to establish its entitlement to a preliminary injunction, the party seeking the injunction must establish, by clear and convincing evidence . . . , three separate elements: (1) a likelihood of ultimate success on the merits; (2) the prospect of irreparable injury if the provisional relief is withheld; and (3) a balance of equities tipping in the moving party's favor . . . A motion for a preliminary injunction is addressed to the sound discretion of the trial court[,] and the decision of the trial court on such a motion will not be disturbed on appeal, unless there is a showing of an abuse of discretion" (Destiny USA Holdings, LLC v Citigroup Global Mkts. Realty Corp., 69 AD3d 212, 216 [4th Dept 2009] [internal quotation marks omitted]). Here, even assuming, arguendo, that plaintiff established that it will sustain irreparable harm as a result of the alleged breach of the licensing agreement that cannot be "adequately compensated with money damages" (Main Evaluations v State of New York, 296 AD2d 852, 854 [4th Dept 2002], appeal dismissed and lv denied 98 NY2d 762 [2002]), and that the balance of equities tips in its favor, we conclude that the court did not abuse its discretion in denying the motion because plaintiff failed to show a likelihood of success on the merits (cf. Doe v Axelrod, 73 NY2d 748, 750-751 [1988]).
Entered: July 6, 2018
Mark W. Bennett
Clerk of the Court