Rice v New York State Workers' Compensation Bd. (2021 NY Slip Op 01669)





Rice v New York State Workers' Compensation Bd.


2021 NY Slip Op 01669


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ.


1115 CA 20-00128

[*1]DAVID P. RICE, SR., FARMINGTON TRUCKING INCORPORATED, GREEN BAY SANITATION CORP., BESTWAY CARTING, INC., CITY RECYCLING CORP., AND ELC, LLC, DOING BUSINESS AS SELECT EXPRESS & LOGISTICS, PLAINTIFFS-RESPONDENTS,
v
NEW YORK STATE WORKERS' COMPENSATION BOARD, DEFENDANT-APPELLANT. 






LETITIA JAMES, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF COUNSEL), FOR DEFENDANT-APPELLANT. 
PHILLIPS LYTLE LLP, BUFFALO (CRAIG R. BUCKI OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Wayne County (Richard M. Healy, A.J.), entered December 13, 2019. The order and judgment, insofar as appealed from, granted in part the cross motion of plaintiffs for summary judgment and denied the cross motion of defendant to dismiss the complaint. 
It is hereby ORDERED that the order and judgment insofar as appealed from is unanimously reversed on the law without costs, plaintiffs' cross motion is denied in its entirety, defendant's cross motion is granted, and the complaint is dismissed.
Memorandum: Plaintiffs are former members of a group self-insurance trust created to satisfy their legal obligation to secure the payment of workers' compensation benefits to their injured employees (see Workers' Compensation Law § 50 [3-a]). In 2008, the trust became insolvent and defendant assumed the administration and final distribution of the trust's assets and liabilities. After determining that the trust had a deficit, defendant charged plaintiffs for their alleged pro rata share of that deficit and sent plaintiffs a proposed settlement agreement, releasing them from any further liability in exchange for payment of their pro rata share. Plaintiffs all accepted their individual settlement agreements, which contained a Most Favored Nation (MFN) clause that provided: "[defendant] shall not enter into any Agreement with other former Trust members . . . which contains more favorable terms than this Agreement unless [defendant] shall agree to extend the same terms to the Member."
Plaintiffs commenced this action in Supreme Court alleging that defendant breached the MFN clause by entering into a stipulated settlement with a different set of former trust members (stipulated settlement) that contained more favorable terms than plaintiffs' settlement agreements. Plaintiffs therefore sought a declaration that, on account of the more favorable stipulated settlement, they were not obligated to make any further payments to defendant and further sought to enjoin defendant from, inter alia, enforcing the payment terms of the settlement agreements. Defendant then moved for a change of venue, and plaintiffs cross-moved for, inter alia, summary judgment on the complaint. Defendant thereafter cross-moved to dismiss the complaint on, inter alia, the ground that the court lacked subject matter jurisdiction, contending that plaintiffs' causes of action sought relief that was incidental to a breach of contract claim seeking money damages that plaintiffs had filed in the Court of Claims. As limited by its brief, defendant appeals from an order and judgment insofar as it granted plaintiffs' cross motion in part and denied defendant's cross motion. We reverse the order and judgment insofar as appealed from.
The Court of Claims has subject matter jurisdiction over claims for breach of contract against the State (see Court of Claims Act § 9 [2]; Sarbro IX v State of N.Y. Off. of Gen. Servs. , 229 AD2d 910, 911 [4th Dept 1996]). As long as the primary claim is for money damages, the Court of Claims "may [also] apply equitable considerations" and grant incidental equitable relief (Psaty v Duryea , 306 NY 413, 417 [1954]). Here, because the relief sought in the complaint arises out of an alleged breach of contract, the proper forum for this action is the Court of Claims (see Main Evaluations v State of New York , 296 AD2d 852, 853-854 [4th Dept 2002], appeal dismissed and lv denied 98 NY2d 762 [2002]).
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court